IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIELA CALDERON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| NUMBER ONE EXPEDITE LEASING, | § | |
| INC. AND JOSE LUIS MORALES | § | |
| MACIAS, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT NUMBER ONE EXPEDITE LEASING, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW**, NUMBER ONE EXPEDITE LEASING, INC.'S, a Defendant in the above-entitled and captioned cause and files its Notice of Removal pursuant to 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction, and in support of this removal, would respectfully show the Court as follows:

### I.
### FACTUAL BACKGROUND

1.      This case arises out of a motor vehicle accident that occurred on or about February 10, 2021. *See* Pl.'s Orig. Pet. at IV (attached as "Exhibit B"). This lawsuit was originally filed on April 20, 2021 under Cause No. 2021DCV1307, and styled *Daniela Calderon v. Number One Expedite Leasing, Inc. and Jose Luis Morales Macias* in the 448th Judicial District Court of El Paso County, Texas (hereinafter the "State Court Action").

2.      A true and correct copy of the docket sheet from the State Court Action is attached to this Notice as "Exhibit A." Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in the State Court Action are being attached to this Notice as "Exhibit B."

3.      Plaintiff asserts Texas state law claims for of negligence against Defendant Jose Luis Morales Macias (hereinafter "Macias"), and a vicarious claims of negligence and a direct claim of negligent entrustment against Defendant Number One Expedite Leasing, Inc. (hereinafter "Number One Expedite"). *See* Pl.'s Orig. Pet. at V-VII.

4.      Plaintiff seeks damages for past and future: medical expenses, pain and suffering, mental anguish, impairment, and lost wages/loss of earning capacity in amount "over $250,0000.00." *Id.* at II-III.

## II.
### REMOVAL EXHIBITS

5.      The following documents are attached to this Notice as exhibits:

**Ex. A:**      State Court Docket Sheet

**Ex. B:**      Entire State Court File

**Ex. C:**      Plaintiff's Responses to Defendant's Requests for Admission

## III.
### BASIS FOR REMOVAL

6.      This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a). "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

7.      Diversity of citizenship is determined at the time that the plaintiff filed the lawsuit and at the time of removal. *Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cit. 1996). Plaintiff was a Texas citizen at the time that she filed this lawsuit and currently is Texas citizen. *See* Ex. C. In addition, Plaintiff admits that she lived in Texas at the time the lawsuit was filed and currently lives in Texas, that she is currently employed in Texas, and that she has a Texas driver's license or identification card. *Id.*

8.      On the contrary, Defendant Number One Expedite is not a citizen of Texas. Instead, Defendant Number One Expedite is a citizen of Mexico. *See* Pl.'s Orig. Pet. at III  (alleging that Defendant Number One Expedite has "its home office at Ejido el Vergal No. 1128, Juarez, Chihuahua, 32599, Mexico").

9.      Similarly, Defendant Macias, who has not yet entered an appearance in this lawsuit, is also a citizen of Mexico. *See* Pl.'s Orig. Pet. at III  (alleging that Defendant Macias' last known address is Revolucion, Col., Centenario Ave., Juarez, Mexico 32663).

10.      Thus, Plaintiff and Defendants are completely diverse.

11.      Further, Plaintiffs seek "over $250,000" in damages, an amount over the $75,000.00 threshold under 28 U.S.C. 1332(a). *See* Ex. B, Pl.'s Orig. Pet. at ¶ II . Accordingly, the amount in controversy requirement of 28 U.S.C. 1332(a) is also satisfied.

12.      Therefore, because Plaintiff and Defendants are completely diverse, and because Plaintiff seeks damages in an amount over $75,000.00, this Honorable Court has jurisdiction over Plaintiff's claims and causes of action.

### III.
### REMOVAL PROCEDURE AND TIMELINESS

13.      If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy

3

13463-199/CMUN/1676301

of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.*

14.     Plaintiff filed the State Court Action on April 20, 2021. Ex. B, Pl.'s Orig. Pet. However, Plaintiff's Original Petition merely alleged that Plaintiff "***resided*** in El Paso County, Texas," not that she was a ***citizen*** of Texas. *Id.* at III.

15.     The difference between citizenship and residency is a frequent source of confusion. *See Midcap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019). For individuals, "citizenship has the same meaning as domicile," and "the place of residence is *prima facie* the domicile." *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Nevertheless, "[c]itizenship and residence, as often declared by this court, are not synonymous terms." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Robertson v. Cease*, 97 U.S. 646, 648, 24 L. Ed. 1057 (1878)). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Texas v. Florida*, 306 U.S. 398, 424, 59 S. Ct. 563, 83 L. Ed. 817 (1939)). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Thus, this case was not removable until Plaintiff's Responses to Requests for Admission were received.

16.     Defendant Number One Expedite served Plaintiff with Requests for Admission for the sole purpose of determining Plaintiff's ***citizenship*** on January 17, 2022. Plaintiff served her Responses to Defendant Number One Expedite's Requests for Admission on March 2, 2022. *See*

Ex. C. It was on this date that, for the first time, it was ascertainable that Plaintiff was/is a citizen of Texas. *Id.* Accordingly, because less than thirty (30) days have passed since this date, Defendant Number One Expedite's Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

17.    Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as El Paso is the District and Division where the State Court Action is pending.

18.    Pursuant to 28. U.S.C. § 1446(d), Defendant Number One Expedite will promptly give all Parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

## IV.
### JURY DEMAND

19.    Defendant Number One Expedite asked for a state court jury trial and asks for a jury trial in this Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Number One Expedite prays that this matter be placed on the Court's docket and for any other and further relief to which it may be justly entitled at law or in equity.

13463-199/CMUN/1676301

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  mundell@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendant Number One Expedite Leasing, Inc.

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on the 10 day of March, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Aaron L. Genthe, Esq., Rebecca Rutan, Esq., efile@genthelawfirm.com, 12801 N. Central Expressway., Suite 260, Dallas, Texas 75243, and Fatima Hassan Salam, Esq., attorney@salampc.com, 701 N. Central Expressway, Building 2, Richardson, Texas 75080.

_____
**Cal Mundell**

13463-199/CMUN/1676301