IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIELA CALDERON | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:22-CV-00082-FM |
| | § | |
| NUMBER ONE EXPEDITE S DE RL | § | |
| DE CV, AND JOSE LUIS MORALES | § | |
| MACIAS | § | |
| **Defendants.** | § | |

---

### PLAINTIFF'S FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DANIELA CALDERON,** Plaintiff, and files this, her First Amended, complaining of Defendants, **NUMBER ONE EXPEDITE S DE RL DE CV, JOSE LUIS MORALES MACIAS AND NUMBER ONE EXPEDITE S DE RL DE CV,** and would show unto the Court as follows:

### I. SELECTION OF DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. JURISDICTION & VENUE

This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are within the jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below. The Court has continuing jurisdiction over Defendants because Defendants committed a tort in whole or i[...]

PLAINTIFF'S
EXHIBIT
1

State of Texas.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's counsel states that damages are within the jurisdictional limits of this Court.  Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought by Plaintiffs are in an amount within the jurisdictional limits of this Court. Plaintiff's counsel is required by Rule 47(c) of the Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses suffered due to the negligence of the Defendant. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.

At this time, no discovery has been conducted and Plaintiff's assertion is made upon knowledge and belief at the time of filing and reserves the right to amend as more information and discovery becomes available. Plaintiff's counsel states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.  The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses and Plaintiffs implicitly trust the judgment of the good and fair judge or jury as the representatives of our community. Ultimately, Plaintiffs will ask a judge or jury of Plaintiff's peers to assess a fair and reasonable amount of money damages as compensation for Plaintiff's injuries.

Pursuant to Texas Civil Practices and Remedies Code § 15.002, et *seq.*, venue is proper in EL PASO COUNTY, Texas.  EL PASO COUNTY, Texas, is the county where the collision occurred and all or a substantial part of the events or omissions giving rise to the claim occurred.

The Court has continuing jurisdiction over Defendant, JOSE LUIS MORALES MACIAS, because Defendant committed a tort in whole or in part in the State of Texas. This Court has continuing jurisdiction over Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, and over Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, because they are foreign corporations that regularly conducts business in the State of Texas. The Court has jurisdiction over subject matter because the damages are within the statutory jurisdictional limits of the Court.

### III. PARTIES

Plaintiff is an individual who resides in EL PASO COUNTY, Texas.

Defendant, JOSE LUIS MORALES MACIAS, is an individual whose last known address is <u>Revolucion, Col., Centenario Ave., Juarez, Mexico 32663.</u> Pursuant to Tex. Civ. Prac. & Rem. Code Chap. 17, Subchapter D, service of process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, JOSE LUIS MORALES MACIAS, with the Chair of the Texas Transportation Commission listed as the Agent of Service:

> Bruce Bugg, Jr., Chairman
> Texas Transportation Commission
> 125 E. 11th Street
> Austin, Texas 78701-2483

Upon information and belief available to Plaintiffs at this time, Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, is, and at all relevant times has been, a cargo center and transportation company, with its home office at Ejido el Vergel No. 1128, El Papalote, Juarez, Chihuaha, 32599, Mexico, that regularly engages in business in Texas. Defendant, NUMBER ONE EXPEDITE S DE RL DE CV., can be served through it's registered agent, <u>Carlos Alberto Noe,</u>

at 1410 Gail Borden, Suite B4, El Paso, Texas 79935.

Upon information and belief available to Plaintiffs at this time, Defendant, NUMBER ONE EXPEDITE S DE RL DE CV is, and at all relevant times has been, a cargo center and transportation company, with its home office at Ejido el Vergel No. 1128, El Papalote, Juarez, Chihuaha, 32599, Mexico, that regularly engages in business in Texas. Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, can be served through it's registered agent, Carlos Alberto Noe, at 1410 Gail Borden, Suite B4, El Paso, Texas 79935.

As to the Defendants that are entities (partnerships, unincorporated associations, incorporated associations, or other entities), or individuals doing business under an assumed name, Plaintiffs bring this suit in said Defendant's partnership, assumed or common name under Rule 28 of the Texas Rules of Civil Procedure.  Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiffs reserve the right to substitute the true name of said Defendant at a later time.

## IV.    FACTS

On or about February 10, 2021, Plaintiff, DANIELA CALDERON and Defendant, JOSE LUIS MORALES MACIAS, were involved in a vehicular collision in El Paso, El Paso County, Texas. At the time of the collision, Defendant, JOSE LUIS MORALES MACIAS, was operating a tractor trailer owned by Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, while within the course and scope of his employment.  In the alternative, Defendant, JOSE LUIS MORALES MACIAS, was operating a tractor trailer owned by Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, while within the course and scope of his employment. Plaintiff

was the restrained operator and passengers of a motor vehicle traveling eastbound on Pan American Drive in a safe and prudent manner. Defendant, JOSE LUIS MORALES MACIAS, who was also traveling eastbound on Pan American Drive while operating a tractor trailer, failed to yield right-of-way, failed to make a safe turn and collided with Plaintiff's motor vehicle. As a result of the impact, Plaintiffs suffered severe bodily injuries and other damages complained of herein.

## V.   NEGLIGENCE

At the time of the accident, Defendant was operating his vehicle in a negligent manner. Specifically, Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. The collision and the injuries of the Plaintiff was proximately caused by Defendant's negligent, careless, and reckless disregard of his duty to Plaintiff, including the following acts and omissions:

    i.    Defendant failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    ii.    Defendant failed to timely apply the brakes of his vehicle in order to avoid the collision in question;

    iii.    Defendant failed to turn his vehicle to the left or right in order to avoid the collision in question;

    iv.    Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    v.    Defendant failed to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

    vi.    Defendant failed to remain reasonably attentive to the traffic and other conditions existing on the roadway as a

reasonably prudent person would have been under the same or similar circumstances;

vii.   Defendant failed to maintain a clear and reasonable distance between other motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into other motor vehicles;

viii.  Defendant failed to sound his horn;

ix.    Defendant failed in his inattention to the operation of the vehicle;

x.     Defendant failed in complying with applicable official traffic-control devices in violation of Texas Transportation Code Sec. 544.004;

xi.    Defendant failed in his inattention to road signs and traffic lights;

xii.   Defendant failed to maintain all lamps operable at all times, including tail lamps used to designate the rear of a motor vehicle;

xiii.  Defendant was using a cellular phone at the time of collision;

xiv.   Defendant was fatigued or driving in violation of his hours-of service regulations;

xv.    Defendant was medically unfit to operate a motor vehicle.

xvi.   Defendant failed to yield right-of-way;

xvii.  Defendant made an unsafe turn.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence which proximately and directly caused the collision and Plaintiff's injuries and damages.

## VI. RESPONDEAT SUPERIOR

Defendant, NUMBER ONE EXPEDITE S DE RL DE CV., was incorporated at the time of the collision, and Plaintiff pleads that at the time of the accident,

Defendant, JOSE LUIS MORALES MACIAS, was the agent, servant, and employee of Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, and was acting within the scope of his authority as such agent, servant, and employee. Defendant, NUMBER ONE EXPEDITE S DE RL DE CV., is liable to Plaintiff for the negligence of Defendant, JOSE LUIS MORALES MACIAS, under the common law doctrine of respondeat superior.

In the alternative, Defendant, NUMBER ONE EXPEDITE S DE RL DE CV., was incorporated at the time of the collision, and Plaintiff pleads that at the time of the accident, Defendant, JOSE LUIS MORALES MACIAS, was the agent, servant, and employee of Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, and was acting within the scope of his authority as such agent, servant, and employee. Defendant, NUMBER ONE EXPEDITE S DE RL DE CV., is liable to Plaintiff for the negligence of Defendant, JOSE LUIS MORALES MACIAS, under the common law doctrine of respondeat superior.

## VII. <u>NEGLIGENT ENTRUSTMENT</u>

At the time of the accident, Defendant, JOSE LUIS MORALES MACIAS, was operating his vehicle in a negligent manner and it appears Defendant, JOSE LUIS MORALES MACIAS, may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, may have been negligent in its entrustment of a motor vehicle to Defendant, JOSE LUIS MORALES MACIAS. In the alternative, it appears that Defendant, NUMBER ONE EXPEDITE S DE RL DE CV, may have been negligent in its entrustment of a motor vehicle to Defendant, JOSE LUIS MORALES MACIAS.

The collision and the injuries of the Plaintiffs were proximately caused

by Defendant's negligent, careless, and reckless disregard of his duty to Plaintiffs, including the following acts and omissions:

    i.    Defendant failed to properly qualify and train JOSE LUIS MORALES MACIAS;

    ii.    Defendant failed to hire a qualified driver, JOSE LUIS MORALES MACIAS;

    iii.    Defendant failed to properly supervise JOSE LUIS MORALES MACIAS;

    iv.    Defendant retained driver, JOSE LUIS MORALES MACIAS, after Defendant learned JOSE LUIS MORALES MACIAS was unfit for his position; and

    v.    Defendant failed to properly train JOSE LUIS MORALES MACIAS.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence, which proximately and directly caused the collision and Plaintiff's injuries and damages.

The conduct of Defendant when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff.

## VIII. **DAMAGES**

As a proximate result of Defendant's negligence, Plaintiffs suffered severe injuries. Plaintiffs suffered the following damages:

    i.    Medical and healthcare expenses incurred in the past;

    ii.    Medical and healthcare expenses which, in all reasonable probability, will be incurred in the future;

iii.    Physical pain and suffering in the past;

iv.    Physical pain and suffering which, in all reasonable probability, will be incurred in the future;

v.    Mental anguish suffered in the past;

vi.    Mental anguish which, in all reasonable probability will be suffered in the future;

vii.    Physical impairment suffered in the past;

viii.    Physical impairment which, in all reasonable probability, will be suffered in the future;

ix.    Lost wages suffered in the past; and

x.    Lost wages and earning capacity which, in all reasonable probability will be suffered in the future.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence, which proximately and directly caused the collision and Plaintiff's injuries and damages.

## IX. CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiffs hereby allege all conditions precedent have been performed or have occurred.

## X. U. S. LIFE TABLES

Notice is hereby given that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. COSTS AND INTEREST

It was necessary for Plaintiffs to expend money as costs of Court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiffs is authorized by Rule 131 of the Texas Rules of Civil Procedure. Plaintiffs are also entitled to prejudgment and post-judgment interests as allowed by law.

## XII. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby makes demand and application for jury trial.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **DANIELA CALDERON**, respectfully requests that Defendants, **NUMBER ONE EXPEDITE S DE RL DE CV, JOSE LUIS MORALES MACIAS, AND NUMBER ONE EXPEDITE S DE RL DE CV**be cited to appear and answer, and on final trial, that Plaintiffs have judgment against Defendants for:

      i.      Actual damages;

     ii.      Prejudgment and post judgment interest as allowed by law;

    iii.      Costs of suit;

    iv.      Exemplary damages; and

     v.      Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,
**GENTHE LAW FIRM, P.C.**

BY:_____
AARON L. GENTHE
State Bar No. 24093610
efile@genthelawfirm.com
12801 N. Central Expy., Ste. 260
Dallas, Texas 75243
Tel.:   (214)957-0898
Fax:   (469)788-7645
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on counsel of record in accordance with the Federal Rules of Civil Procedure on 2022-04-28.

**Via E-Service**
Darryl Vereen
MOUNCE, GREEN, MYERS, SEFI, PAXSON & GALATZAN
100 North Stanton, Suite 1000
El Paso, TX 79999
Tel: (915) 541-1554 / Fax: (915) 541-1597
Attorneys for Defendants,

_____
Aaron Genthe